# IN RE APPLICATION OF BRYANT.

---

APPEALS FROM COMMISSIONER OF PATENTS, TIME FOR TAKING.

1. Appeals to this court from decisions of the Commissioner of Patents must be taken, under the provision of Section 2 of Rule 20 of this court, within forty days from the date of the ruling or order appealed from.
2. An appeal taken nearly a year after the decision of the Commissioner was rendered *dismissed.*
3. Rules of court are intended to be a law for the court itself as well as for parties and counsel, until changed in pursuance of the same power which promulgated them.

No. 48. Patent Appeals. Submitted November 9, 1896. Decided November 17, 1896.

HEARING on an appeal from a decision of the Commissioner of Patents.   *Dismissed.*

*Mr. Marcellus Bailey* and *Mr. Alex. P. Browne* for the appellant.

*Mr. W. A. Megrath* for the Commissioner of Patents.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents refusing an application for a reissue of letters patent.

The decision of the Commissioner, as appears from the record, was made on May 24, 1895; and this appeal was not taken until April 8, 1896, nearly a year after the decision. By the rules of this court, which were in force at the time that decision was rendered and for upwards of seven months prior thereto, and which were promulgated in pursuance of the express terms of the acts of Congress of February 9, 1893, and July 30, 1894, creating this court and defining its powers, the appeal comes too late and cannot be considered. The second section of Rule 20 provides that appeals from the decisions of the Commissioner of Patents "shall be taken within forty days from the date of the ruling or order appealed from, and not afterwards;" and the present appeal has been taken in plain disregard of that rule. Not even an excuse is sought to be given for the delay. Now, while some rules of the court, from their peculiar nature and application may have in them an inherent element of elasticity, that would justify their modification from time to time in special cases, rules of court are intended to be a law for the court itself, as well as for parties and counsel, until they are changed in pursuance of the same power under which they have been promulgated. And to no rule is rigid adherence required more than to those which prescribe the time within which appeals are to be taken, and which in their nature, as long as they are in force, are intended to have the effect of statute.

Before these rules were promulgated, there was much controversy in regard to the time to be allowed for the taking of appeals from the Commissioner of Patents; and this rule was made for the express purpose of setting the controversy at rest. We do not feel that we are at liberty ourselves to disregard the rule or to permit it to be disregarded by parties to proceedings in the Patent Office.

We come to this conclusion more readily in the present case for the reason that, even upon a consideration of the

merits of the case, we see no sufficient reason to disturb the decision of the Commissioner of Patents.

*The appeal will be dismissed; and the clerk of this court will certify this opinion and the proceedings in the cause to the Commissioner of Patents, in accordance with the law.*